**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PFFJ, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>Cypress Benefit Administrators, et al.,<br><br>        Defendants. | No. CV-10-8179--PCT-PGR<br><br><br><u>ORDER</u> |

In a complaint filed on September 17, 2010, plaintiff PFFJ, LLC alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action.  *See* 28 U.S.C. § 1653; *see also,* <u>Smith v. McCullough</u>, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must

dismiss the case, unless the defect be corrected by amendment.")

The Court cannot determine from the face of the complaint the citizenship of either the plaintiff, which the complaint contradictorily states is PFFJ, LLC while alleging that it "is a corporation organized under the laws of the State of Delaware" with its principal place of business in Snowflake, Arizona[1], or of defendant Cypress Benefit Administrators, LLC, which the complaint merely alleges is "organized under the laws of Wisconsin and with its principal place of business in Appleton, Wisconsin."   If these two parties are "LLCs" then the jurisdictional allegations as to them are deficient as a matter of law because a limited liability company is not treated as a corporation for purposes of diversity jurisdiction since its citizenship is determined solely by the citizenship of each of its members. *See* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")   As to each party that is a limited liability company, the amended complaint must affirmatively identify each member of that party and state the citizenship of each member.

The Court also cannot determine the citizenship of defendant Companion Life Insurance Company because the complaint, while alleging that this defendant is "organized under the laws of South Carolina, ... with its principal

---

[1] The Court notes that the civil cover sheet filed by the plaintiff adds to the confusion over the type of business entity the plaintiff is by listing the plaintiff's name as "PFFJ, Inc."

place of business in Columbia, South Carolina[,]" nowhere alleges what type of business entity it is, which is a crucial fact for purposes of determining if diversity jurisdiction has been properly alleged.  In its amended complaint the plaintiff shall affirmatively state what type of business entity this defendant is and allege its citizenship accordingly.

The plaintiff is advised that its failure to timely file an amended complaint that cures the pleading deficiencies noted in this Order shall result in the dismissal of this action for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than **September 30, 2010**.

IT IS FURTHER ORDERED that the plaintiff shall immediately serve a copy of this Order upon any defendant who has already been served with process.

DATED this 21st day of September, 2010.

Paul G. Rosenblatt
United States District Judge